Richard L. Miller II
*rmiller@siprut.com*
Todd L. McLawhorn
*tmclawhorn@siprut.com*
Ke Liu
*kliu@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

Gene J. Stonebarger (SBN 209461)
*gstonebarger@stonebargerlaw.com*
Richard D. Lambert (SBN 251148)
*rlambert@stonebargerlaw.com*
**STONEBARGER LAW, APC**
75 Iron Point Circle, Suite 145
Folsom, California 95630
Phone: 916.235.7140
Fax: 916.235.7141

*Attorneys for Plaintiff and the Proposed Putative Class*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN F. SHONKWILER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California corporation,<br><br>   Defendant. | **CASE NO.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John F. Shonkwiler ("Plaintiff") brings this Class Action Complaint on behalf of himself and all other similarly situated individuals, by and through his attorneys, against Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser"), and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. NATURE OF THE ACTION

1. Defendant Kaiser provides healthcare plans to its members through its network of Kaiser Permanente healthcare providers. Kaiser provides these services under the Kaiser Permanente name. In an effort to market its services, Kaiser made (or directed to be made on its behalf) unsolicited calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Kaiser to make calls to their wireless telephones.

3. By making such unauthorized calls, Defendant Kaiser caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4. In order to redress these injuries, Plaintiff seeks: (a) an injunction requiring Kaiser to cease all unsolicited calling activities; (b) an award of statutory damages to the Class under the TCPA; and (c) an award of reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

6. This Court has personal jurisdiction over Defendant Kaiser because Kaiser is located in and conducts substantial business within this District.

/ / /

/ / /

CLASS ACTION COMPLAINT -- 1 --

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant Kaiser resides in this District. Venue is also proper under 28 U.S.C. § 1391(b)(3) because Kaiser is subject to this District's personal jurisdiction.

### III. THE PARTIES

8. Plaintiff John F. Shonkwiler is an individual domiciled in Cook County, Illinois. Plaintiff is a citizen of the State of Illinois.

9. Defendant Kaiser Foundation Health Plan, Inc. is a corporation organized in and existing under the laws of the State of California with its principal place of business located at 1 Kaiser Plaza, Oakland, California 94612.

10. Defendant Kaiser maintains a registered agent, Corporation Service Company, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

### IV. FACTUAL BACKGROUND

11. Companies have employed advanced technologies that make it easier to market their products and services. According to a report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives.*** These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers spend waiting between conversations and amount of abandoned calls experienced by consumers.[1]

12. Prior express *written* consent is required before making a call to a cellular telephone using an autodialer or prerecorded or artificial voice.

---

[1] Waller et al., The Telephone Consumer Protection Act of 1991: Adapting Consumer Protection to Changing Technology, 26 Loy. Cons. L. Rev. 343, 352-53 (2014) (emphasis added). The study "was made possible through a cy pres distribution from a class action in the United States District Court for the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow which involved claims under the TCPA." *Id.* at 343.

CLASS ACTION COMPLAINT -- 2 --

*Defendant's Unsolicited Calls To Plaintiff And The Class*

13. As part of its advertising campaign, Defendant Kaiser has made and continues to make unsolicited calls to Plaintiff's and the Class members' wireless telephones without prior express written consent.

14. At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 8932.

15. On or about June 23, 2017, Plaintiff received a call on Plaintiff's wireless telephone from 815-242-6237.

16. When Plaintiff answered the call, a prerecorded or artificial message stated that the call was on behalf of Kaiser Permanente.

17. The prerecorded or artificial message solicited Kaiser Permanente health insurance plans, and requested that Plaintiff press "1" to speak to a customer representative, or press "9" to be removed from the call list.

18. Before Plaintiff pressed any button, the call terminated.

19. On or about June 28, 2017, Plaintiff received another call on Plaintiff's wireless telephone from 708-480-1583.

20. When Plaintiff answered the call, a prerecorded or artificial message stated that the call was on behalf of Kaiser Permanente.

21. The prerecorded or artificial message solicited Kaiser Permanente health insurance plans, and requested that Plaintiff press "1" to speak to a customer representative, or press "9" to be removed from the call list.

22. Before Plaintiff pressed any button, the call terminated.

23. On information and belief, as part of its advertising campaign, Kaiser made, or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated numbers.

24. On information and belief, as part of its advertising campaign, Kaiser made, or had made on its behalf, these calls to Plaintiff and the Class members using equipment that had the

CLASS ACTION COMPLAINT -- 3 --

capacity to store or produce telephone numbers to be called using a random or sequential number generator, or from a list of telephone numbers, and to dial such numbers.

25. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Kaiser to call their wireless telephones.

## V. CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action, on behalf of himself individually and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States whose wireless telephone number Kaiser, or someone acting on behalf of Kaiser, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party, within the four years prior to the filing of this Complaint (the "Class").

Excluded from the Class are Kaiser and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

27. Certification of Plaintiff's claim for class-wide treatment is appropriate because Plaintiff can prove the elements of his claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

28. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all members of the Class is impracticable. On information and belief, there are thousands of consumers who have been damaged by Kaiser's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Kaiser's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet posting, and/or published notice.

29. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

CLASS ACTION COMPLAINT -- 4 --

     a.     The manner in which Kaiser compiled and called the list of wireless telephone numbers, including Plaintiff's number;

     b.     Whether the equipment Kaiser (or someone on Kaiser's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

     c.     Whether the equipment Kaiser (or someone on Kaiser's behalf) used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

     d.     Whether Kaiser's conduct constitutes a violation of the TCPA;

     e.     Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

     f.     Whether Kaiser's conduct was willful or knowing;

     g.     Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Kaiser's conduct; and

     h.     Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

30.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the claims of the other Class members because, among other things, all Class members were comparably injured through the uniform misconduct described above.

31.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with those of the Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

32.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Kaiser has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

33.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to other available means for the fair and efficient adjudication of this controversy, and no unusual

difficulties are likely to be encountered in the management of this class action. The damages and other financial detriment suffered by Plaintiff and the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Kaiser, so it would be impracticable for Class members to individually seek redress for Kaiser's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CAUSES OF ACTION

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of the Class)**

34. Plaintiff and the Class hereby re-allege and incorporate by reference paragraphs 1-33 as if fully set forth herein.

35. Defendant Kaiser made phone calls, or had phone calls made on its behalf, to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

36. Defendant Kaiser made the phone calls, or had the phone calls made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, or from a list of numbers, and to dial such numbers.

37. Defendant Kaiser made the phone calls, or had the phone calls made on its behalf, using an artificial and/or prerecorded voice.

38. Defendant Kaiser utilized equipment that made the phone calls to Plaintiff and the other Class members simultaneously and without human intervention.

39. The TCPA prohibits calls made using an automatic telephone dialing system or an artificial or prerecorded voice, to any wireless telephone number, without the prior express consent of the called party.

40. By making the phone calls to Plaintiff and the Class, Defendant Kaiser violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant Kaiser's unlawful conduct, Plaintiff and the Class members suffered actual damages in the form of monies paid to receive the calls on their cellular telephones, invasion of privacy, and nuisance.

41. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff and the Class members are each entitled to, *inter alia*, a minimum of $500.00 in statutory damages for each such violation of the TCPA.

42. Should the Court determine that Kaiser's conduct was willful or knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of damages recoverable by Plaintiff and the other Class members.

## VII. **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John F. Shonkwiler, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter an Order as follows:

1. Certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;
2. Finding Defendant Kaiser liable for violating the TCPA;
3. Awarding actual or statutory damages;
4. Requiring Defendant Kaiser to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;
5. Awarding reasonable attorneys' fees and costs; and
6. Awarding such other and further relief that the Court deems reasonable and just.

1  Dated:  September 12, 2017                                     Respectfully submitted,

2

3                                                                                 */s/ Gene J. Stonebarger*
                                                                                  Gene J. Stonebarger (SBN 209461)
4                                                                                 *gstonebarger@stonebargerlaw.com*
                                                                                  Richard D. Lambert (SBN 251148)
5                                                                                 *rlambert@stonebargerlaw.com*
                                                                                  **STONEBARGER LAW, APC**
6                                                                                 75 Iron Point Circle, Suite 145
                                                                                  Folsom, California 95630
7                                                                                 Phone: 916.235.7140
                                                                                  Fax: 916.235.7141
8

9                                                                                 Richard L. Miller II*
                                                                                  *rmiller@siprut.com*
10                                                                                Todd L. McLawhorn*
                                                                                  *tmclawhorn@siprut.com*
11                                                                                Ke Liu*
                                                                                  *kliu@siprut.com*
12                                                                                **SIPRUT PC**
                                                                                  17 North State Street
13                                                                                Suite 1600
                                                                                  Chicago, Illinois 60602
14                                                                                Phone: 312.236.0000
                                                                                  Fax: 312.878.1342
15
                                                                                  **Pro Hac Vice* to be submitted
16
                                                                                  **Attorneys for Plaintiff**
17                                                                                **and the Proposed Putative Class**

18

19

20

21

22

23

24

25

26

27

28